## STATE v. DAVIS et al.

No. 2003.

Court of Civil Appeals of Texas. Eastland.

April 5, 1940.

Rehearing Denied May 3, 1940.

Karl Cayton and Carl Rountree, both of Lamesa, for appellant.

Thomas & Thomas, of Big Spring, for appellees.

## FUNDERBURK, Justice.

The State of Texas, acting by and through the Commissioners' Court of Dawson County, on October 4, 1938, filed a petition (as shown by indorsement thereon) in the office of the County Clerk of Dawson County. It described a 3.43-acre tract of land, alleging its ownership by Mrs. Ruby Davis, whose husband was Ben F. Davis, in which land the Federal Land Bank of Houston was alleged to have some interest, and sought to have the land condemned as right-of-way for a state highway. On October 5, 1938, the county judge of Dawson County made a written order appointing J. E. DuBose and C. E. Martin as commissioners to appraise the property. In the order a place for the name of a third commissioner was left blank. On the same day said J. E. DuBose and C. E. Martin, and also J. R. Farley, made oath as commissioners which, with said order of appointment (according to indorsement thereon), was filed, on the same day, in the office of the county clerk.

The three commissioners on the same day (October 5, 1938) executed a notice directed to the land owners, describing the land only as "certain real estate described in plaintiff's petition, reference to which is here made, to which real estate the fee simple title is in the said defendants as is more fully set out in said petition of the State of Texas, acting by and through the commissioners' court of Dawson County, Texas, v. Mrs. Ruby Davis, et al, filed with the Honorable County Judge of Dawson County, Texas, on the 4th day of October, A. D. 1938 * * *." Under the heading "Service of Notice" appears the following: "Came to hand the 6th day of October, A. D. 1938, and executed the 7th day of October, A. D. 1938, by delivering a copy of the above notice to Mrs. Ruby Davis and Ben F. Davis 4 o'clock p. m. in Dawson County, Texas. Gus White, Sheriff, Dawson County, Texas, by A. N. Randle Deputy."

An indorsement upon said notice and return reads: "Filed for record 8 day of Oct. 1938 at 8:30 o'clock a. m. Viola Thruston, County Clerk, Dawson County, Texas by Edna Merrick, Deputy."

On October 17, 1938, the commissioners reported an award of $85.75 damages, with costs assessed against the defendants. The award described the land only as a "right-of-way fully described in petitioner's petition on file herein, which land is owned by the said Ruby Davis, Ben F. Davis and The Federal Land Bank of Houston, defendants herein." An indorsement upon said award reads: "Condemnation # 47—Filed 17 day of Oct. 1938. Viola Thruston, Co. Clerk."

On October 22, 1938, the defendants filed objections to the award. According to indorsements thereon the instrument embodying the objections was filed in the office of the County Judge, and also, on the same day, in the office of the County Clerk. (This is the only instrument which purports to have been filed with the County Judge as distinct from a filing in the office of the County Clerk.)

The record shows no service of notice upon the Federal Land Bank. There is shown a purported "Original Answer" of said defendant indorsed "Filed for Record 13 day of Oct. 1938 at 11:40 o'clock a. m., Viola Thruston, County Clerk Dawson County, Texas, by Beulah Tillman, Deputy."

The defendant Ruby Davis, joined by her husband, Ben F. Davis, on February 9, 1939, filed in the County Court five separate pleadings, the first two, each denominated "Defendants' First Motion and Plea in Abatement"; the third to fifth, inclusive, each denominated, respectively, Defendants' Second, Third and Fourth "Motion and Plea in Abatement." The final judgment, from which the appeal is prosecuted, sustained said "Motions and Pleas in Abatement" and declared "that these proceedings be and they are hereby set aside and this suit abated."

We construe the judgment to be one dismissing the suit. The evident basis of

such action was the conclusion of the court that it was without jurisdiction for one or more of the several reasons urged in one or more of the so-called motions and pleas in abatement.

■■ Until the objections to the award of the commissioners were duly filed in the office of the county clerk the proceeding was special. Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104. "Inasmuch as condemnation proceedings are special in their character and involve a summary taking of property from its owner, it is the settled rule that they must be conducted in strict accordance with the governing statutes. It follows that condemnation proceedings in which the statutes have been ignored are wholly void, and, when the occasion therefor arises, the court will hold them to be void of its own motion." 16 Tex.Jur. 700 sec. 95.

The relevant statutes are R.S.1925, Arts. 3264 to 3271, inclusive, Vernon's Ann.Civ. St. Arts. 3264 to 3271 and Vernon's Ann. Civil Statutes, Art. 6674n.

■ The record fails to show that the petition for condemnation which Art. 3264 required to be "a statement in writing" and to be filed "with the county judge", was ever filed with the county judge in compliance with said requirement. It was shown to have been filed in the office of the county clerk; but that fact, we think, does not, in a proceeding of this nature, authorize the presumption that it was filed with the county judge.

■ According to the record, two commissioners, and not three as required, were appointed. The statute having provided for the appointment of three, and only two being shown to have been appointed, it cannot be presumed from the fact that three purported to act that more than the two were appointed.

■ Although not urged, it appears there may be other grounds sufficient to support the action of the court in dismissing the suit. If so, they, involving questions of jurisdiction, are, of course, equally effective to support such action as the grounds particularly relied upon.

■ The record shows no service of notice upon the defendant The Federal Land Bank. Even if the bank could waive the service of notice, a question we find it unnecessary to determine, it is clear, we think, that it did not do so by filing its so-called answer, since at the time it was filed in the county court the suit as such was not pending.

■ It was not shown that notice was duly served upon the other defendants, Mrs. Ruby Davis and her husband, Ben F. Davis. The only proof of such service disclosed by the record was the return by the sheriff showing that same was made "by delivering *a* copy of the above notice to Mrs. Ruby Davis and Ben F. Davis 4 o'clock p. m. in Dawson County, Texas." (Italics ours.) Was one copy delivered to both of them, or one to each? The law required one to be delivered to each. The language of the return fails to show that one was delivered to each. In a special proceeding like this, the rule would be, at least, as strict as in a case of a citation in a suit to support a default judgment. In Covington v. Burleson, 28 Tex. 368, it was held that a return of service upon a husband and wife to the effect that the officer delivered a copy of the petition and citation to them both was insufficient in that it did not show delivery to each. 33 Tex. Jur. 884, sec. 70, and authorities there cited.

■ We think it doubtful, although we deem it unnecessary to express an authoritative opinion upon the point, that the land was insufficiently described in the notice and in the award. The award of the commissioners, when uncontested, as required by law itself, becomes the judgment of the court. Manifestly the award itself in this case would not identify the land.

Being of the opinion that the appellant has not demonstrated error in the action of the trial court, and that, therefore, the judgment should be affirmed it is accordingly so ordered.