## McINTYRE et al. v. STATE.

### No. 3977.

Court of Civil Appeals of Texas. Beaumont.
March 13, 1942.

Rehearing Denied April 1, 1942.

R. H. Weatherly and S. A. McCall, both of Conroe, for appellants.

George B. Darden and Arnold Smith, Co. Atty., both of Conroe, for appellee.

WALKER, Chief Justice.

At the July term, 1941, of the county court of Montgomery county, judgment was entered against appellants, E. A. McIntyre et al., condemning "a road, right of way and easement" across their land in favor of appellee, the State of Texas, and awarding appellants damages in the sum of $400. Appellants have regularly prosecuted their appeal to this court. The record is before us without a statement of facts.

██ Appellants' first proposition is that the lower court "was wholly without jurisdiction" to hear and determine the case. The point made is that the original petition for condemnation was filed on the 22d day of April, 1941, with and by the county clerk, while the statutes, Articles 3264–3271, R.C.S.1925, Vernon's Ann.Civ. St. arts. 3264–3271, required that it be filed with the county judge. On the face of the

record, appellants' point is supported by State v. Davis, Tex.Civ.App., 139 S.W.2d 638. But this being a question of jurisdiction in the lower court to hear and determine the case, it is our duty to receive evidence in support of the jurisdiction of the lower court. Blaylock v. Slocomb, Tex. Civ.App., 250 S.W. 218. The following affidavit by Judge Strode supports the jurisdiction of the lower court to hear and determine this cause: "On the 31st day of July, A. D. 1941, Case No. 1735 styled the State of Texas v. E. A. McIntyre et al. came on to be heard before me. A jury was impaneled to try said case, and during the progress of the trial of same before me, I testified in response to a question propounded to me as follows: 'The petition for condemnation of the land belonging to Mrs. E. A. McIntyre and others was presented and filed with me on the 22nd day of April, 1941; at that time I appointed the appraisers and noted same on the docket and delivered the Petition to the County Clerk, without placing my endorsement thereon.' I further state that in response to another question propounded to me, I testified as follows: 'The Award of the Special Commissioners was delivered and filed with me on the 8th day of May, 1941, and this instrument was likewise delivered by me to the County Clerk of Montgomery County without placing my endorsement thereon.' Final judgment was entered by me in this case on August 8, 1941, and same is now upon appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, under Docket No. 3977, styled E. A. McIntyre, Et Al., Appellants, vs State of Texas, Appellee."

The following decree was entered in favor of appellants for the damages assessed by the jury: "It is Further Ordered, Adjudged and Decreed by the Court that Defendants have judgment over and against The State of Texas, Petitioner, for the sum of Four Hundred and No/100 ($400.00) Dollars, as damages sustained because of the taking, and acquiring of the above 1.90 acres in fee for said road and right-of-way, and 0.40 acres as an easement as above described, for the purpose of constructing, laying out, widening and reconstructing said State Highway #19, as herein specified and designated, and that Defendants have their execution and such other and further writs may issue as are necessary and proper for the enforcement of this judgment."

The second point is that this part of the judgment of the lower court is "unenforceable in law, and therefore void." After this case was tried in the lower court, the amount of the damages assessed by the jury was deposited by appellee's agent with the county clerk for appellants' benefit. This is shown by the affidavit of the county clerk: "My name is Covy A. Beard, and I am the duly elected and qualified County Clerk of Montgomery County, Texas. During the July Term, A. D. 1941, of the County Court of Montgomery County, Texas, Case No. 1735, styled the State of Texas vs E. A. McIntyre, Et. Al., was tried in the County Court of Montgomery County, Texas, and final judgment was entered therein on August 8, 1941. I further state that after said judgment was entered by J. W. Strode, Judge of the County Court of Montgomery County, Texas, the sum of Four Hundred and No/100 ($400.00) Dollars was deposited with me by Geo. B. Darden, Attorney for Appellee, for the right-of-way desired in said suit, as above styled, plus damages awarded Appellants, and said sum is being held by me in accordance with provisions of Art. 3268, and will be paid to Appellants if their appeal of said case to the Beaumont Court of Civil Appeals, under Docket No. 3977, is not successful."

The deposit of the amount of the damages assessed by the jury obviates all constitutional questions raised by appellants. Traders' Compress Co. v. State, Tex.Civ. App., 77 S.W.2d 245.

The judgment of the lower court is affirmed.