## HAYNES et ux. v. RIPPETOE et al.
### Nos. 2746, 2747.

Court of Civil Appeals of Texas. Eastland.

Dec. 6, 1946.

Holmes & Nicholson, of Comanche, for relators.

Fred G. Harmon, of De Leon, for respondents.

LONG, Justice.

Relators, S. R. Haynes and wife, have filed in this court a motion for leave to file a petition for mandamus to require the Hon. O. E. Rippetoe, County Judge of Comanche County, to enter a judgment sustaining their plea of privilege in a cause pending in said court. At a former day of this term, we denied such motion without a written opinion. Counsel for relators have filed a very able motion for rehearing, earnestly insisting that we grant such motion.

W. C. Mixon, one of the respondents herein, instituted a suit in the Justice Court, Precinct No. 5, Comanche County, against relators to recover a real estate commission in the sum of $35. Relators filed their plea of privilege to be sued in Erath County, the county of their residence. Such plea being overruled, appeal was taken to the County Court of said county where again the plea of privilege was overruled. There is no appeal to this court from such judgment and the same is final. Relators contend that the undisputed evidence shows that there was but one proper judgment that could have been entered in said cause, and that is one transferring the same to Erath County. They further contend that this court has the authority to issue such writ of mandamus under Articles 1823 and 1824 of Texas Revised Civil Statutes. We have given this question close study and have come to the conclusion that since the judgment of the trial court is final and this court has no jurisdiction over the controversy, that we are without power to grant the writ of mandamus. Davis et ux. v. Burnett, Judge, Tex.Civ.App., 179 S.W.2d 1014, 28 Texas Jurisprudence, p. 603. Relators' motion for rehearing of the motion for leave to file petition for mandamus is therefore overruled.