## CITY OF EL PASO v. WARD,
### County Judge, et al.
### No. 4575.

Court of Civil Appeals of Texas. El Paso.
April 21, 1948.

R. Neill Walshe, Asst. City Atty., of El Paso, for complainant.

Leo Jaffe, of El Paso, for respondents.

PRICE, Chief Justice.

This is an original proceeding in mandamus by the City of El Paso against the Honorable M. V. Ward, Judge of the El Paso County Court at Law, and Mr. Esteban Alba. On motion of petitioner leave to file the petition was granted, notice thereof served upon respondents, each of whom have duly appeared and filed answers herein. Sought was to compel respondent Ward to enter judgment on the report of the Commissioners in a condemnation proceeding seeking to condemn the property of respondent Alba. There is, as disclosed by petitioner's petition and the answer of respondent, no dispute as to the facts.

Petitioner on May 21, 1946, filed with the respondent Ward a petition in due and legal form to condemn the property of respondent Alba. On presentation of the petition Judge Ward appointed commissioners to assess the damages. These Commissioners on the 13th day of July, 1946, filed a report with Judge Ward. On July 20, 1946, respondent Alba filed with Judge Ward his objections to the report of the commissioners. Judge Ward marked same as filed and same remained in his office until on or about November 19, 1946. On November 19, 1946, these same objections were filed with the County Clerk of El Paso County, Texas. On January 22, 1948, petitioner filed motion in the County Court at Law that judgment be entered on the report of the commissioners as provided by Section 7, Article 3266 of the Revised Statutes, Vernon's Ann.Civ.St. art. 3266, subd. 7. Respondents filed an answer to said motion and contested same. February 24, 1948, respondent Ward as Judge entered an order denying petitioner's motion.

Petitioner's position before the County Court and its position here is that the filing of objections with the County Judge did not remove the proceedings to the County Court at Law for trial and upon the lapse of ten days from the filing of the report of the commissioners with the County Judge it became his ministerial duty to enter same in the minutes of the court and to make same the judgment of the court. The enforcement of this alleged ministerial duty is sought by petitioner.

The original jurisdiction of this court is invoked under Art. 1824 of Vernon's Annotated Revised Civil Statutes, which is as follows:

"Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to

compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

Articles 3264 to 3271, Vernon's Annotated Civil Statutes, provide for the condemnation of property. The pertinent provisions of the statutes here involved are as follows:

"When the commissioners have assessed the damages, they shall reduce their decision to writing, stating therein the amount of damages due the owner, if any be found to be due, and shall date and sign such decision and file it together with all other papers connected with the case promptly with the county judge." Art. 3265, Sec. 5.

"If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

"If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the Court and issue the necessary process to enforce the same." Secs. 6 and 7 respectively, Art. 3266, Vernon's Civil Statutes.

■ The majority of the court, Justices Sutton and McGill, agree that the filing of objections with the County Judge converted the proceeding into an action and the county judge had not the power to enter the judgment provided in case no objections are filed. Their opinion, it is believed, is to a large extent based on the case of Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682 (wr. ref.). In that case the Court of Civil Appeals and the Supreme Court exercised jurisdiction in a case where the objections were filed with the county judge, and it was held that the objections so filed within ten days were sufficient to invoke the jurisdiction of the county court. The question as to whether a filing with the clerk of the court or with the judge was required by Article 3266 was not discussed,

the opinion assumed that a filing with the judge was sufficient. The real question discussed was as to the effect of failure to issue citation on the objections from 1926 to 1929. Did such failure by its own force preclude the property owner from assailing the findings or rather remove the proceedings to the county court? It was held that the filing of objections with the judge removed the case to the county court and the question to be tried was as to whether the proceedings had been abandoned.

In the case of Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104; Id., Tex.Civ.App., 70 S.W.2d 775, it was held on rehearing the proper place to file the objection was with the Clerk of the County Court. It is true that it was not held that the filing with the Judge would not transfer the proceedings to the county court. Sec. 6 of Article 3266 does not specifically provide where the objections should be filed, but leaves the matter open to construction or interpretation. In the case of Hardy v. Throckmorton, supra, the question was specifically considered as to the proper place to file the proceedings and was considered and discussed and held that the proper place to file same was with the Clerk of the County Court. As has been stated in the case of Fitzgerald v. City of Dallas it was assumed that a filing with the County Judge was sufficient.

It may be that under a proper construction of Section 6 of Article 3266 that a filing with either the county judge or the clerk is sufficient. In the opinion of the writer this matter is not clear. It occurs to me that if the Legislature intended to provide that a filing either with the judge or the clerk was sufficient it would have been so specified.

It is clear to me that granted the correctness of the contention of petitioner that the objections of respondent filed with the county judge did not remove the proceedings to the county court, this court is without power under Art. 1824 to compel the entry on the minutes of the county court by the judge and to coerce the order making the findings of the commissioners the judgment of the county court. In this opinion Justice McGill concurs, but Justice Sutton does not agree therewith. Justice

Sutton is of the opinion the judgment should be entered denying the Writ of Mandamus sought, and that this court has the power under Article 1824 if objections had not been filed, to coerce the judgment by mandamus. In my opinion it is neither necessary nor desirable to determine in this proceeding whether or not the filing of objections removed the proceeding to the county court.

Sought by petitioner is entry of a specific judgment, that is, a judgment condemning the property for the price fixed by the commissioners' report. If this is the duty of the county judge it is a purely ministerial duty, a duty that is thought might have been conferred on an officer other than a judicial officer—for instance, the clerk.

■ It is the filing of the objection that confers jurisdiction on the county court and converts the proceeding into a cause pending. Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682, (wr. ref.); City of Big Spring v. Garlington, Tex.Civ. App., 88 S.W.2d 1095; State v. Davis, Tex.Civ.App., 139 S.W.2d 638; Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719 (wr. ref.).

Unless the objections are filed it remains a special proceeding. This being the case neither the county court nor the Court of Civil Appeals acquires jurisdiction. If no objections are filed within ten days it becomes the ministerial duty of the County Judge to cause the Commissioners' report to be entered in the minutes of the county court as the judgment of the court. Over this pseudo judgment the Court of Civil Appeals has no appellate jurisdiction. If the lapse of ten days by any stretch of legal reasoning gave the court such jurisdiction it is final jurisdiction, excluding appellate jurisdiction. In my opinion, until the filing of the objections the proceeding and the power and duty could have been given to the Clerk of the County Court as well as the judge.

Grant the correctness of petitioner's position, the objections were never legally filed within ten days, then the county court as such never acquired jurisdiction. However, concede the lapse of ten days conferred power to enter judgment, this judg-

ment was not subject to appellate review; the action of the trial judge was final. If this be correct this court has no power to compel the County Judge to enter judgment. Davis v. Burnett, County Judge, Tex.Civ. App., 179 S.W.2d 1014; Haynes v. Rippetoe, Tex.Civ.App., 198 S.W.2d 768; 28 Tex.Jur. p. 603, par. 48.

■ There could be no difference in quality between the ministerial duty of the judge upon the filing of a petition to appoint the commissioners and enter the findings of the commissioners as the judgment of the court after the lapse of ten days without objections being filed. In the case of the City of Big Spring v. Garlington, supra, it is held the Court of Civil Appeals had not the power to compel by mandamus the appointment of commissioners. By the same token it is thought that there is no power in that Court to compel the entries in the minutes of the report of the commissioners as the judgment of the court, there being no objections filed.

In the case of Sinclair v. City of Dallas, Tex.Civ.App., 44 S.W.2d 465 (wr. ref.), the objections were not filed until after the 10 days had expired. The County Court dismissed the objections and it does not appear that it attempted to enter judgment on the award. The judgment of dismissal was affirmed. In the opinion of the writer this case suggests a way to have the action of the County Judge authoritatively reviewed by appeal. If the county court refuses to dismiss the objections and proceeds to judgment this is a final judgment subject to review.

It is thought that our action in permitting the filing of the petition for mandamus was erroneous, and it is ordered that same be set aside and the proceedings dismissed. This without prejudice to petitioner to urge either in the trial of the condemnation proceedings or elsewhere that the objections not having been filed with the County Clerk within 10 days from the filing of the award that judgment should have been entered on the report of the Commissioners.

SUTTON, Justice (dissenting).

I regret I am unable to agree with the disposition made of this case. I have had no difficulty whatever in reaching the con-

clusions I have reached on the sole question presented by the parties, that is that the objections were filed within the purview of the statute when filed with the Judge, and that raised by the Court that the court has jurisdiction.

Wherever a record is found of a conclusion reached, until now, neither lawyer, judge, nor court has ever experienced any difficulty in readily reaching the conclusion the objections are filed under the terms of the statute when they are filed with the Judge. But it is not difficult to understand, because of the tenor of the entire title, if not a rather clear import thereof, that it was asserted in the Fitzgerald-Dallas case that the objections must be filed with the judge and that because of the same conclusion reached by a highly eminent court a property owner barely escaped with his highly valuable right to a judicial trial and that it was only secured to him when the court got its second wind. Hardy v. Throckmorton.

To sustain its position the filing with the Judge was insufficient the City relies exclusively upon the Hardy case on the merits as reported in 70 S.W.2d 775 (e.r.). The Court there had before it the sufficiency of a filing with the Clerk and that was the only holding in that respect. It was not even asserted a filing with the Judge would not have been sufficient. The City relies upon the assertion made in the opinion the Clerk is the proper official with whom to file the objections and not the Judge, and for the reasons found in the former opinion. When the clerk received and filed the objections he was acting for the Court and the filing with him was a filing with the court and the judge. Of course the clerk is the proper official with whom to file the objections, but not the only one with whom they may be properly filed, because he has the file in the proceeding and the facilities to keep and secure the file and have it available at all proper times. The Judge in the instant case might have well declined to have received the objections and become burdened therewith, and directed that they be delivered to the clerk, but the fact he didn't do that did not affect the proceeding.

There is found in the cases dealing with the title on condemnation—eminent domain—a very considerable amount of dicta and many assertions wholly unnecessary to the decision, but there is complete agreement on the proposition it is essential that objections be filed within the prescribed time to invoke the jurisdiction of the County Court and secure to a party a judicial trial. In Fitzgerald v. City of Dallas the writ was refused when the personnel of the Supreme Court was exactly the same as when it refused the writ in the Hardy case. The filing in the Fitzgerald case was made with the judge and the opinion went further than was necessary and asserted it was necessary to file with the Judge. The Supreme Court had to necessarily approve as sufficient the filing with the judge, because if it be insufficient there could have been no jurisdiction in either the County Court or the Court of Civil Appeals to try the case as a cause and the Supreme Court could not have refused the writ. The result is, as it seems to me it must have followed as a matter of course, that a filing with either the clerk or the judge fully satisfies the statute, and that the Supreme Court should not have experienced difficulty in approving a filing with either. To hold the objections must be filed with the Clerk is to supply a condition the Legislature did not see fit to write into the statute. It would be pure judicial legislation.

It seems to me equally clear we have the jurisdiction to entertain the proceeding. As said in the Big Spring case when Commissioners file their report that is the end of their services. That is the end of the activities of the agency set up by the statute in condemnation proceedings. All acts after the filing of the report are judicial acts of the Court. There may be a maximum period of ten days of dormancy. If there be no objections filed within the ten day period then the Court acts, not the agency. The statute makes it the duty of the Judge to enter the decision of the Commissioners as the judgment of the Court and "issue the necessary process to enforce the same." How could he enforce the ex-parte order of the Agency? It is

730

said in Milam County v. Akers, 181 S.W.2d 723 (6-8):

"The two sections, (Secs. 6 and 7, Art. 3266) taken together, clearly provide for a judgment of the county court, upon trial, Sec. 6, or upon the award, Sec. 7. If neither party files objection within the time prescribed, then it becomes the mandatory duty of the county judge to render judgment thereon."

And it is said in Sinclair v. Dallas, 44 S.W.2d 466 (2):

"In fact, the proceedings do not become an action in the county court in the true sense until such objections are filed or until the time for filing same has expired and the judge is required to enter judgment on the award."

A writ was refused in the case. It seems to me such conclusions are inevitable, because the statute provides under the named conditions the Judge shall enter the decision as the judgment of the court and provide for its enforcement. The statute likewise provides this court may issue the writ of mandamus to require the County Judge to proceed to judgment.

I conclude, therefore, the Judge properly declined to enter the judgment on the award, and that the writ sought should be denied and this matter set at rest that the parties and the County Court might proceed to trial.