Johnnie L. FINLEY et ux., Appellants,

v.

A. E. HOWELL, Sheriff, Morris County, Texas, Appellee.

No. 7114.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 16, 1958.

Rehearing Denied Jan. 13, 1959.

Florence, Florence & Garrison, Lowell C. Holt, Gilmer, Aubrey Robison, Daingerfield, for appellants.

Harry Williams, Daingerfield, Russell & Perkins, Mt. Pleasant, Will Wilson, Atty. Gen., H. Grady Chandler, and L. P. Lollar, Asst. Attys. Gen., for appellee.

CHADICK, Chief Justice.

This is an injunction suit. The judgment of the trial court is affirmed. The appellants, Johnnie L. Finley and wife, Thelma Finley, filed a petition seeking a temporary restraining order, temporary and permanent injunction against A. E. Howell, Sheriff of Morris County, to prevent him from executing a writ of possession which had issued out of the County Court of Morris County. The writ of possession was issued to place the State of Texas in possession of a tract of land theretofore condemned for the State by the City of Daingerfield for highway right-of-way use. The trial court issued a temporary restraining order. Thereafter, the cause was heard upon its merits and the court entered an order denying permanent relief and dissolved the restraining order. Appellants superseded the judgment and have perfected their appeal.

Appellants' pleadings make a collateral attack upon the judgment of the County Court in a condemnation proceeding, wherein title to the land described in the writ of possession was divested out of them, alleging such proceeding to be wholly void. The appellee pled the regularity of the proceedings, and alternatively, estoppel arising by reason of the appellants' acceptance of the condemnation award.

Appellants center their attack upon failure of the condemnor to file the statement instituting the condemnation proceedings with the County Judge; failure of the Commissioners to file their award with the County Judge; the premature entering of a judgment upon the award, and absence of authority of the City of Daingerfield to condemn in its capacity as a city and on behalf of the State of Texas.

■ Only points of error 2 and 4 will be discussed. The errors complained of in points 1 and 3 are foreclosed by the trial court's findings upon the evidence and no points regarding sufficiency of evidence are brought forward. The second point may also be disposed of upon the same ground, but a discussion is justified as the question raised by the point may be decided by limiting consideration to the recitals of the judgment. Respecting point 2 the County Judge was permitted to testify, and no complaint is made of the testimony on appeal, that the Commissioners' award was actually filed with him on February 7th and that his judgment made pursuant to Section 7 was rendered and caused to be spread upon the minutes of the Court on February 20th. In support of this view, see McIntyre v. State, Tex.Civ.App., 160 S.W.2d 1003, n. w. h.; Paschall v. Renshaw, Tex.Civ.App., 142 S.W.2d 717.

The second point premises reversible error upon the recital in the condemnation judgment that the Commissioners' award was filed with the County Judge on February 3rd and that rendition of judgment was made on February 13th, which is less than 10 days after the time the award was filed with the County Judge. It is urged that this shows a deviation from the controlling procedure set out in Sections 6 and 7 of Article 3266, Vernon's Texas Civil St. and such defect appears upon the face of the judgment, rendering it absolutely void.

Sections 6 and 7 of Article 3266 read as follows:

"6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

"7. If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

Objections contemplated by Section 7 were not filed in this proceeding. The *judgment* recites its rendition before the time fixed, in the absence of objections, for recordation of the *award*. The language of Section 7 does not expressly prohibit judgment being rendered earlier than the 10-day period referred to in Sections 6 and 7. Rendition of judgment before expiration of the 10-day period therefore is not in conflict with an expressed direction of the law. The last clause of Section 7, providing that the County Judge shall make the award the judgment of the court, etc., does not fix a time for the Judge to perform such duty, except by the implication that the judgment is to follow the award. Section 7 is construed to be mandatory. See Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719, wr. ref. This imports a construction that a primary purpose of the section is to provide a means of enforcing the Commissioners' award. The language of Section 6 expressly provides that a party dissatisfied with the award may convert the proceedings into a legal action to be tried and determined as other civil cases in the county court by filing objections with the County Judge within 10 days after the award is so filed. See Sinclair v. City of Dallas, Tex.Civ.App., 44 S.W.2d 465, wr. ref.; City of

El Paso v. Ward, Tex.Civ.App., 213 S.W. 2d 726, n. w. h. Filing objections vacates the award. Kennedy v. City of Dallas, Tex.Civ.App., 201 S.W.2d 840, wr. ref.; Fort Worth & D. N. R. v. Johnson, 125 Tex. 634, 84 S.W.2d 232. Undoubtedly filing objections seasonably renders a premature judgment a nullity as held in Cook v. Ochiltree County, Tex.Civ.App., 64 S.W. 2d 1018, n. w. h.

■ The judgment on its face does not reveal a lack of jurisdiction of the parties or subject matter or power to render the relief awarded. For a judgment to be wholly void it must reveal a defect in this respect; 25 Tex.Jur. Secs. 262–268. At most it shows a premature exercise of the power conferred upon the County Judge to make the award the judgment of the County Court. The judgment is based upon a special proceeding, and as such it is not entitled to the usual presumptions in favor of a judgment of a court of general jurisdiction, but it is, on collateral attack, entitled to a presumption of validity unless it be found that compliance was not had with the statutes authorizing the special proceeding. In accord with the rules respecting premature judgments, it is voidable but not void, and therefore not subject to collateral attack. See Judgments, 25 Tex.Jur. p. 812, Sec. 309, and p. 828, Sec. 318, and authorities there cited.

■ Under this record only obeisance to technicality would require a declaration that the judgment is void absolutely. Appellee has shown compliance with all preliminary statutory prerequisites to a valid award to which no seasonable objection has been made. The recital that judgment was rendered before the award became final does not cause the judgment to violate any expressed provision of the law regulating the exercise of the power of eminent domain, and the judgment though rendered prematurely, was spread upon the minutes of the court and was so recorded at a time when a duty to do so matured. Substantial compliance with Section 7 is shown.

The fact that the Judge rendered a judgment a day before he was under a duty to do so should not on the basis of reason render it a nullity, nothing having occurred in the interim to relieve the Judge of the duty of rendering the judgment.

■ Appellants' 4th point presents their contention that Article 6673e–1 does not give the City of Daingerfield authority to condemn right-of-way for the State of Texas. They insist that the City of Daingerfield is confined to provisions of the general laws relative to cities in Title 28, V.T.C.S. Appellants quote the following from Article 6673e–1:

"The various counties and cities are hereby authorized and directed to acquire such right of way for such highways as are requested and authorized by the Texas Highway Department, as provided by existing laws, and in the event condemnation is necessary, the procedure shall be the same as that set out in Title 52, Article 3264 to 3271, inclusive, Revised Civil Statutes of Texas, and amendments thereto."

In construing the quoted language they insist that the phrase "as provided by existing laws" grants to cities no rights of condemnation additional to those specified in Title 28. To give this portion of the statute appellants' construction would be in effect nullify it. Article 6673e–1 and Article 6674n are very similar. The first says that the counties and cities are authorized and directed to acquire right-of-way as authorized by the Texas Highway Department, whereas the second says the Commissioners' Courts are authorized to secure right of way for the State of Texas. In State v. Meyers, Tex.Civ.App., 292 S.W.2d 933, wr. ref., n. r. e., it was held that the Commissioners' Court had the legal right to act for and in behalf of the State of Texas under Article 6674n. The condemnation proceeding under consideration here shows the State of Texas was acting by and through the City of Daingerfield.

The condemnation statute provides a method by which a dissatisfied party may appeal from the award of the Commissioners and it may not be ignored and supplanted by the equitable remedy of injunction. See City of Bryan v. Moehlmen, 155 Tex. 45, 282 S.W.2d 687. It follows that the judgment of the District Court refusing and dismissing appellants' application for injunction in this case correctly disposed of the issue before it and should be affirmed. The estoppel question, though it has merit, is not discussed because it is not necessary to rely upon it in affirming this case.

No reversible error being shown, all of appellants' points of error are respectfully overruled, and the judgment of the trial court is affirmed.