IN RE Jack H. MEYER

No. 06–15–00180–CR

Court of Appeals of Texas, Texarkana.

Date Submitted: January 13, 2016

Date Decided: January 14, 2016

Jack H. Meyer, Jefferson, TX, for appellant.

Before Morriss, C.J., Moseley and Burgess, JJ.

1. Although these are called "seat belts" in common vernacular, the relevant statute requires a person to engage a "safety belt" if "(1) the person: (A) is at least 15 years of age; (B) is riding in a passenger vehicle while the vehicle is being operated; (C) is occupying a seat that is equipped with a safety belt; and (D) is not secured by a safety belt...." TEX. TRANSP. CODE ANN. § 545.413(a) (West Supp. 2015).

## OPINION

Opinion by Justice Burgess

This is an original mandamus proceeding brought by Jack H. Meyer, who appears pro se, seeking the issuance of a writ of mandamus requiring a Harrison County Justice of the Peace, the presiding judge of the County Court at Law of Harrison County, and the Harrison County District Attorney to take certain actions. Meyer says that the purpose of his petition is to "complete without delay [the] ministerial duty [of each] to prove their jurisdiction challenged by the movant in pre-trials and trials or, dismiss all causes against him and to return all bonds paid by him in these matters immediately." Because we do not have jurisdiction to issue a writ of mandamus against the respondents in this case, we dismiss Meyer's request for mandamus relief for want of jurisdiction.

## I. Background

According to Meyer's petition, the problems of which he complains began in June 2009 when he was issued a traffic citation for operating a motor vehicle without wearing a safety belt.[1] Approximately five years later, Meyer's petition states, he received a citation for failure to wear a safety belt and for driving with an expired driver's license.[2] Meyer alleges that soon after receiving that citation, he received another citation for driving with an expired driver's license and for "[d]isplay of

2. "A person commits an offense if the person operates a motor vehicle on a highway: (1) after the person's driver's license has been cancelled under this chapter if the person does not have a license that was subsequently issued under this chapter...." TEX. TRANSP. CODE ANN. § 521.457(a) (West 2013).

expired registration [insignia]."[3] Although Meyer's petition is quite lengthy and includes several exhibits, he did not attach a copy of any of the traffic citations of which he complains.[4] In his petition, Meyer states,

> In the issuance of each of the above citations I attempted to inform the officer of the fact that I was a sovereign citizen of Texas not engaged in any act that brought me under the jurisdiction of Texas administrative statutes. That I was simply a private citizen enjoying my right to freely travel without injuring anyone and not in the authority of the State to regulate my activity in any way. Simply put, I was not in the jurisdiction of the State government and there existed no authority of the State to impede or diminish my right to drive my vehicle on my highway.

Meyer states that he explained to the officers "how [he] arrived at [his] interpretation of the law" but claims that "none of the officers indicated any interest [in] hearing it and promptly issued the citations."[5] Meyer claims that he "then contacted the administrative tribunals having territorial jurisdiction of the citation and filed a Motion to Dismiss, Challenge of Jurisdiction, and a detailed explanation of what their jurisdiction was, as an adminis-

trative tribunal and magistrate." Meyer contends that he also included a detailed explanation of "Police Power and a Challenge of Jurisdiction with many rulings of the Supreme Court of the United States of America on the subjects."

According to Meyer, what followed were years of inaction by the courts, subsequent mistreatment by law enforcement officers in general, and a conspiracy by both to assassinate his character, thereby "inflicting great pain, suffering and injury."[6] While it appears from his petition that the lower courts' jurisdiction over his conduct is the primary issue, in the argument portion of his petition, Meyer attempts to clarify his position by stating,

> The issue is not that jurisdiction does or does not exist, it is the failure of the court to know it exist [sic], the failure of the court to determine that it in fact has jurisdiction when jurisdiction is brought into question and the failure to show proof to its employer [7] when it is required by law.

Thus, Meyer contends that the district attorney and each of the lower courts failed to address the question of whether the courts possessed the jurisdiction to hear the complaints against him. In his petition, Meyer asks this Court to order the

---

3. "A person commits an offense if the person operates on a public highway during a registration period a motor vehicle that does not properly display the registration insignia issued by the department that establishes that the license plates have been validated for the period." TEX. TRANSP. CODE ANN. § 502.473(a) (West Supp. 2015).

4. We assume in each of these circumstances that Meyer was alleged to have been operating a motor vehicle on a public roadway.

5. Meyer is no stranger to this Court, having filed four other matters here before. In each of these filings, Meyer expressed his belief that he, as a "sovereign citizen," is exempt

from many restraints imposed by the State. Apparently, Meyer made similar arguments to the officers who stopped him as well as the trial courts below.

6. Meyer states, "I now know what is afoot in Harrison Co., it is the very same tactic employed against me by the Marshall Municipal court to make life as hard as possible on me to extort my submission."

7. In his petition, Meyer seems to refer to most people employed by the State or one of its political subdivisions as "employees" and to citizens who are not so employed as "employers." Therefore, we assume Meyer is referring to himself as the court's employer.

lower courts and the district attorney to address this issue.

## II. We Do Not Have Jurisdiction to Issue a Writ of Mandamus Against a District Attorney or a Justice of the Peace Under Section 22.221(b) of the Texas Government Code

■ In Texas, intermediate appellate courts have original and appellate jurisdiction, but only to the extent provided by law. TEX. CONST. art. V, § 6. Under the limited mandamus jurisdiction provided this Court by law, we may issue a writ of mandamus only against a "judge of a district or county court in [our] district." See TEX. GOV'T CODE ANN. § 22.221(b) (West 2004).[8],[9] Caselaw is clear that the courts of appeals do not have jurisdiction to issue a writ of mandamus against a justice of the peace or a district attorney under Section 22.221(b). See Easton v. Franks, 842 S.W.2d 772, 773 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("[S]ection 22.221(b) ... does not expressly authorize this Court to issue writs of

mandamus against a justice of the peace."); In re Jones, No. 06–03–00061–CV, 2003 WL 1985247, at *1 (Tex.App.—Texarkana Apr. 30, 2003, orig. proceeding) (mem.op.) ("We do not have mandamus jurisdiction over a district attorney's office in this context.").

## III. We Also Lack Jurisdiction to Issue a Writ of Mandamus Against a Judge of a County Court at Law Under Section 22.221(b) of the Texas Government Code

Case law is less clear, however, about whether Section 22.221(b) authorizes the courts of appeals to issue a writ of mandamus against a judge of a county court at law. As will be shown below, appellate courts have historically defined the term "county court" as including both constitutional and statutory county courts. Moreover, at least two appellate courts have issued writs of mandamus to county courts at law in recent cases. Nevertheless, the statutory language and legislative history

---

**8.** In his dissenting opinion in *Dickens v. Second Court of Appeals,* Judge Clinton argued that the courts of appeals' power to issue writs of mandamus in criminal cases must be found in the Code of Criminal Procedure rather than the Government Code because the applicable Government Code sections were derived from the Revised Civil Statutes, which never applied to criminal cases. *Dickens v. Second Court of Appeals For the Second Supreme Judicial Dist. of Tex.,* 727 S.W.2d 542, 556 (Tex.Crim.App.1987) (orig.proceeding) (en banc) (Clinton, J., dissenting) ("The general jurisdiction, power and authority constitutionally granted this Court has never been implemented by any legislative enactment contained in the Revised Civil Statutes. Along with all other courts having criminal jurisdiction, that [jurisdiction] has always been provided in the extant code of criminal procedure." (citations omitted)). Judge Clinton also argued that when the Legislature enacted Senate Bill 265 to implement the constitutional amendments giving courts of appeals criminal jurisdiction, it "placed all

statutory provisions for jurisdiction, power and authority of courts of appeals in criminal cases solely in the code of criminal procedure." *Id.* The majority of the Texas Court of Criminal Appeals rejected this position, however, holding that "the courts of appeals, pursuant to § 22.221(b), ... have mandamus jurisdiction over criminal law matters concurrent with the mandamus jurisdiction of this Court." *Id.* at 548. Therefore, the source for our jurisdiction to issue writs of mandamus in criminal cases is found in the Government Code rather than the Code of Criminal Procedure.

**9.** A court of appeals may issue a writ of mandamus to other parties when "necessary to enforce the jurisdiction of" that Court. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). Because this case does not involve the issuance of a writ of mandamus to "enforce the jurisdiction of" this Court, our decision in this case is limited to our power to issue a writ of mandamus under Section 22.221(b).

compels the conclusion that the courts of appeals do not have such jurisdiction under current law.

## A. The Statutory History of Mandamus Jurisdiction in the Courts of Appeals

### 1. Articles 1823 and 1824 of the Revised Civil Statutes of 1925

The Legislature has enacted and amended statutes providing mandamus jurisdiction in the courts of appeals several times in the past ninety years. The genesis of Section 22.221 of the Government Code, which empowers the courts of appeals to issue writs of mandamus, is found in the Revised Civil Statutes of 1925. *See* The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, arts. 1823, 1824, pp. 559–60, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048 (Revised Civil Statutes enacted in 1925 not assigned chapter number and not printed in General and Special Laws of Texas). *See id.* All current law governing the mandamus jurisdiction of Texas' intermediate appellate courts derives from the version contained in the 1925 Revised Civil Statutes. *See id.*

The statutes providing the courts of civil appeals with jurisdiction to issue writs of mandamus were originally located in Articles 1823 and 1824 of the Revised Civil Statutes of 1925. *Id.* Article 1823 of the Revised Civil Statutes of 1925 provided, "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction

of said courts." The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 1823, p. 559 (repealed 1985). Article 1824 of the Revised Civil Statutes of 1925 provided that the courts of civil appeals and their judges "may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause, returnable as the nature of the case may require." The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 1824, p. 560 (repealed 1985). Thus, under Article 1823, a court of civil appeals could issue a writ of mandamus against any officer, except officers of the State's executive departments,[10] as "necessary to enforce the jurisdiction of said courts." The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 1823, p. 559 (repealed 1985). Under Article 1824, a court of civil appeals could issue a writ of mandamus against "a judge of a district court," but only "to compel a judge of the district court to proceed to trial and judgment in a cause...." The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 1824, p. 560 (repealed 1985).

### 2. Amendments to Article 1823, Article 1824, and Section 22.221(b) of the Texas Government Code

Article 1824 of the Revised Civil Statutes of 1925 was amended in 1929 to provide that the courts of civil appeals "or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District *or County Court* to proceed to trial and judgment in a cause, returnable

---

**10.** Article 1735 of the Revised Civil Statutes provided that "the Supreme Court *only* shall have power, authority or jurisdiction to issue the writ of mandamus ... against any of the officers of the executive departments of the government of this State to order or compel the performance of any act or duty...." The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 1735, p. 542, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048 (emphasis added) (Revised Civil Statutes enacted in 1925 not assigned chapter number and not printed in General and Special Laws of Texas).

as the nature of the case may require." Act approved March 2, 1929, 41st Leg., R.S., ch. 33, § 1, art. 1824, 1929 Tex. Gen. Laws 68, 68, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048 (emphasis added). By virtue of this amendment, the mandamus power of the courts of civil appeals was expanded to include county courts, but it was still limited to issuing writs necessary "to enforce the jurisdiction of said [courts of civil appeals,]". The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 1823, p. 559 (repealed 1985), or to compel the district and county court judges "to proceed to trial and judgment," The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 1824, p. 560 (repealed 1985).

The 1929 version of Article 1824 remained virtually unchanged until 1983. The 1983 amendment to Article 1824 followed the constitutional amendments of 1980, which re-designated the courts of civil appeals as the courts of appeals and granted them appellate and original jurisdiction in criminal proceedings. *See* Texas Legislative Council, Amendments to the Texas Constitution Since 1876, 60–61 (May 2014), *available at* http://www.tlc.state.tx.us/pubsconamend/constamend1876.pdf. In 1983, the 68th Legislature passed House Bill 1119, which significantly expanded the jurisdiction of the courts of appeals to issue writs of mandamus from merely directing "a Judge of the District or County Court to proceed to trial and judgment," Act approved March 2, 1929, 41st Leg., R.S., ch. 33, § 1, art. 1824, 1929 Tex. Gen. Laws 68, 68 (repealed 1985), to any case "agreeable to the principles of law regulating such writs," Act of May 29, 1983, 68th Leg., R.S., ch. 839, § 3, 1983 Tex. Gen. Laws 4767, 4768–69. Accordingly, within their respective districts, and limited to " 'a judge of a district or a county court,' " the courts of appeals' jurisdiction to issue writs of mandamus under Article 1824 in criminal cases became as broad as the Court of Criminal Appeals' mandamus jurisdiction by virtue of this amendment. *Dickens,* 727 S.W.2d at 548 (quoting TEX. GOV'T CODE ANN. § 22.221(b)).[11]

In 1985, the Revised Civil Statutes relating to the courts were re-codified. Article 1823 became Section 22.221(a), and Article 1824 became Section 22.221(b) of the Texas Government Code. Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 22.221(a), (b), 1985 Tex. Gen. Laws 1720, 1730. In 1987, the Legislature amended Section 22.221(b) to clarify that a court of appeals' jurisdiction to issue a writ of mandamus is limited, geographically, to that court of appeals' appellate district. Act of April 23, 1987, 70th Leg., R.S., ch. 69, § 1, 1987 Tex. Gen. Laws 174, 174. Finally, in 1995, the Legislature amended Section 22.221(b) by adding subsection (1) granting the courts of appeals jurisdiction to issue a writ of mandamus to a "judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district." Act of May 29, 1995, 74th Leg., R.S., ch. 839, § 1, 1995 Tex. Gen. Laws 4239, 4239 (codified at TEX. GOV'T CODE ANN. § 22.221(b)). Section 22.221(b) has remained unchanged since 1995.

**B. Prior Case Law Interpretations of the Term "County Court"**

While there were numerous amendments to former Article 1824 and Section 22.221(b) since 1929, the phrase "judge of a

---

11. *See supra* note 8. A court of appeals' jurisdiction to issue a writ of mandamus under Article 1823 when necessary to enforce that court's jurisdiction remained unchanged. *See Dickens,* 727 S.W.2d at 556.

district or county court" has remained constant. Very few cases have addressed the issue of whether that language invests the intermediate courts of appeals with the power to issue writs of mandamus to county courts at law. Yet, in several condemnation cases where litigants petitioned a court of appeals for a writ of mandamus against a county court at law, the courts of appeals granted or denied the relief on substantive bases without considering whether they had jurisdiction to do so. Apparently the courts interpreted the term "county court" as including both constitutional county courts and statutory county courts even though they did not expressly say so.

For example, in *City of El Paso v. Ward,* the City of El Paso filed an application for a writ of mandamus against "the Honorable M.V. Ward, Judge of the El Paso County Court at Law" to compel the judge to enter a judgment condemning certain property in favor of the City against the owner, Esteban Alba. *City of El Paso v. Ward,* 213 S.W.2d 726, 726 (Tex.Civ.App.—El Paso 1948, orig. proceeding). Pursuant to the relevant condemnation statutes, a petitioner in a condemnation case would file with the county judge a petition for condemnation, and the county judge would appoint commissioners. Upon receipt of the commissioners' report, if either party objected to the report, the case would be removed to the county court for trial " 'as in other civil causes in the county court.' " *Id.* at 727 (quoting The Revised Civil Statutes of the State of Texas, 39th Leg., R.S., SB 84, art. 3266, subd. 6, p. 997, *repealed by* Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 6, 1983 Tex. Gen. Laws 3475, 3729 (Revised Civil Statutes enacted in 1925 not assigned chapter number and not printed in General and Special Laws of Texas); Act of June 26, 1941, 47th Leg., R.S., ch. 543, § 1, 1941 Tex. Gen. Laws 872, 872, *repealed by* Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 6, 1983 Tex. Gen. Laws 3475, 3729). If no objections were filed within ten days after the commissioners' report was filed, the county judge was required to have the commissioners' decision " 'recorded in the minutes of the County Court,' " and to " 'make the same the judgment of the Court.' " *Id.* (quoting Act of June 26, 1941, 47th Leg., R.S., ch. 543, § 1, 1941 Tex. Gen. Laws 872, 872 (repealed 1983)).

The City alleged that Alba filed his objections too late and petitioned the court of appeals to issue a writ of mandamus directing the county judge to enter judgment pursuant to law. The court of appeals denied the city's petition, concluding that the city had an adequate remedy at law through an appeal: "[I]f the county court refuses to dismiss the objections and proceeds to judgment[,] [that] is a final judgment subject to review." *Id.* at 728. Yet, at no time did either party or the court of appeals assert that the County Court at Law of El Paso County was not the "county court" referred to in either the condemnation statutes or Article 1824. *Id.*

Other appellate courts interpreted the term "county court" in the same manner. *See Sinclair v. City of Dallas,* 44 S.W.2d 465, 466 (Tex.Civ.App.—Dallas 1931, writ ref'd) (interpreting the term "county court" as referring to the "County Court at Law, No. 2, Dallas County; Jno. A. Rawlins, Judge"); *State v. Rayburn,* 352 S.W.2d 357 (Tex.Civ.App.—Texarkana 1961, writ ref'd n.r.e.) (interpreting the terms "county court" and "county judge" in Article 1824 as referring to "Madison RAYBURN, Judge of the County Court at Law of Harris County, Texas."); *Davis v. Burnett,* 179 S.W.2d 1014, 1015 (Tex.Civ. App.—San Antonio 1944, no writ) (denying petition for writ of mandamus under Article 1824 against judge of the county court at law because judgment below was final,

but not because court of appeals had no jurisdiction to issue a writ of mandamus to a county court at law judge). Accordingly, there is historical caselaw suggesting that the phrase "judge of a district or county court" in Section 22.221(b) invests us with jurisdiction to issue a writ of mandamus against the judge of a county court at law.[12]

## C. The 1987 Enactment of Section 21.008 and Its Impact on Appellate Mandamus Jurisdiction

Nevertheless, in 1987, Section 21.008[13] of the Government Code was enacted creating separate definitions of "county court[s]" and "statutory county court[s]." Act of April 30, 1987, 70th Leg., R.S., ch. 148, § 2.02, sec. 21.008, 1987 Tex. Gen. Laws 534, 542 (current version at TEX. GOV'T CODE ANN. § 21.009). Section 21.009 defines the term "county court" as "the court created in each county by Article V, Section 15, of the Texas Constitution." TEX. GOV'T CODE ANN. § 21.009(1) (West

Supp.2015). A "statutory county court" is defined as "a county court created by the legislature under Article V, Section 1, of the Texas Constitution, including county courts at law...." TEX. GOV'T CODE ANN. § 21.009(2) (West Supp.2015).[14]

▉ With the enactment of Section 21.009 specifically distinguishing between county courts and statutory county courts, we must now interpret Section 22.221(b) using the definitions set forth in Section 21.009.[15] *See* TEX. GOV'T CODE ANN. § 21.009; *Christian v. State*, 286 S.W.3d 63, 66 (Tex.App.—Texarkana 2009, pet. ref'd) ("If a word is clearly and unambiguously defined by the Legislature, the definition is binding on the courts."); *see also Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim.App.2009) ("When we construe a statute that ... has been amended, we must construe it as if it had been originally enacted in its amended form."). Moreover, "[w]hen construing a statute that establishes appellate jurisdiction, this

---

12. Although it does not appear that the question of jurisdiction was ever raised or considered, other courts of appeals have interpreted Section 22.221(b) as applying to county courts at law in more recent cases. *See Bell v. County Court at Law No. 2*, No. 2-09-157-CV, 2009 WL 3337227, at *2 (Tex.App.—Fort Worth Oct. 15, 2009, pet. denied) (per curiam) (mem.op.) (holding, "The court of appeals, not the district court, has mandamus authority over the county court at law when the district court's jurisdiction has not been encroached upon."); *Trinity Capital Corp. v. Briones*, 847 S.W.2d 324, 326–27 (Tex.App.—El Paso 1993, orig. proceeding) (conditionally granting writ of mandamus directing judge of "County Court at Law No. One, El Paso County, Texas" to set aside order granting real party in interest a new trial). Yet, for the reasons stated below, we respectfully disagree with our sister courts on this issue.

13. Originally, Section 21.009 of the Government Code was enacted as Section 21.008. It was later renumbered as Section 21.009. *See* Act of April 30, 1987, 70th Leg., R.S., ch. 148,

§ 2.02, sec. 21.008, 1987 Tex. Gen. Laws 534, 542; Act of February 22, 1989, 71st Leg., R.S., ch. 2, § 16.01(18), 1989 Tex. Gen. Laws 123, 197.

14. In Texas legal parlance, "county courts" defined by Section 21.009(1) are generally referred to as "constitutional county courts" and "county courts" defined by Section 21.009(2) are generally referred to as "statutory county courts" or "county courts at law."

15. Section 21.009 and Section 22.221 are part of the same statutory scheme and must be read together. Title 2 of the Government Code is entitled "Judicial Branch" and is divided into Subtitles A through L. Subtitle A is entitled "Courts" and is divided into Chapters 21 through 30. Chapter 22 of Subtitle A, Title 2 is entitled "Appellate Courts" and is divided into Subchapters A through D. Subchapter C of Chapter 22 is entitled "Courts of Appeals." Section 21.009 is located in Title 2, Subchapter A of the Government Code, and Section 22.221 is located in Title 2, Subchapter C of the Government Code.

court cannot expand its jurisdiction beyond that conferred by the legislature." *Xeller v. Locke,* 37 S.W.3d 95, 100 (Tex.App.—Houston [14th Dist.] 2000, pet. denied).

Accordingly, with the enactment of Section 21.009, we can no longer follow the historical interpretation of the phrase "judge of a district or county court." To do so would contradict the plain and unambiguous meaning of the words defined by Section 21.009. In essence, the historical interpretation would require us to interpret the phrase "statutory county court means a county court created by the legislature" in Section 21.009(2) as if it said, "Statutory county court means a [*statutory and constitutional*] county court created by the legislature . . . ." Because the Legislature cannot create a "constitutional county court," this interpretation is not possible.

More importantly, the historical interpretation would require us to ignore the distinction between the terms "county court" and "statutory county court" as set forth in Section 21.009 and would render that statute a nullity. In interpreting statutes, "[w]e generally presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App.1997). Finally, if the term "county court" in Section 22.221(b) is interpreted as meaning both constitutional and statutory county courts when Section 21.009(1) specifically defines a county court as a constitutional court only, that would not only render

Section 21.009 a nullity, it would also impermissibly expand the courts of appeals' mandamus jurisdiction beyond that defined by the Legislature. *See Xeller,* 37 S.W.3d at 100.

Therefore, Section 22.221(b)(1) cannot be interpreted as referring to a "statutory county court" when it states that courts of appeals have jurisdiction over a "judge of a . . . county court." TEX. GOV'T CODE ANN. § 22.221(b)(1). Because we must apply the definition of "county court" given in Section 21.009(1) when interpreting Section 22.221(b), and because that definition describes only the constitutional county court, then we only have jurisdiction to issue a writ of mandamus against a constitutional county court, not a statutory county court. Consequently, we do not have jurisdiction to issue a writ of mandamus to the Judge of the County Court at Law for Harrison County.

## IV. Conclusion

Because we lack jurisdiction to issue writs of mandamus against the Harrison County District Attorney, the Harrison County Justice of the Peace, and the Judge of the County Court at Law of Harrison County, we dismiss Relator's petition for want of jurisdiction.