

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00091-CR
_____

IN RE CALVIN WAYNE BURNHAM

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relator, Calvin Wayne Burnham, has asked this Court to issue a writ of mandamus and compel Panola County District Court Judge Leann Rafferty and Panola County District Clerk Lindsey Smith to produce discovery documents allegedly acquired post-trial.[1] We deny the requested relief.

## I. Mandamus Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under

---

[1]This Court affirmed Burnham's convictions in 2010. *See Burnham v. State*, No. 06-10-00038-CR, 2010 WL 5140777 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication); *Burnham v. State*, No. 06-10-00038-CR, 2011 WL 13176580 (Tex. App.—Texarkana Jan. 26, 2011, no pet.) (op. on rehearing); *Burnham v. State*, No. 06-10-00039-CR, 2010 WL 5151240 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication); *Burnham v. State*, No. 06-10-00040-CR, 2010 WL 5140795 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication); *Burnham v. State*, No. 06-10-00041-CR, 2010 WL 5140798 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication); *Burnham v. State*, No. 06-10-00042-CR, 2011 WL 5140803 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication); *Burnham v. State*, No. 06-10-00043-CR, 2010 WL 5140804 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication); *Burnham v. State*, No. 06-10-00044-CR, 2020 WL 5140806 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication); *Burnham v. State*, No. 06-10-00045-CR, 2010 WL 5140805 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication).

unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

A petitioner seeking mandamus relief must comply with the Texas Rules of Appellate Procedure. Among those requirements, a petitioner must attach to the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1); *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding).

## II.  Analysis

Burnham claims that he sent a request for documents to the Panola County district attorney. Attached to his petition, Burnham has included a cover letter and a request, addressed to the district attorney, which are stamped "copy" and file-marked by the Panola County district clerk. However, those documents are not certified or sworn. As noted above, a party seeking mandamus relief must attach "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1) provides, "The appendix must . . . contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1).

Additionally, a "party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999)

3

(per curiam) (orig. proceeding). Burnham has presented this Court with no indication that any motion was presented to the trial court for ruling.

Finally, Burnham presents his petition for relief as a request to compel action by the trial court and the district clerk. From the documents supplied, though, the only request Burnham allegedly made was to the district attorney. This Court has no jurisdiction to issue a writ of mandamus against a district clerk or district attorney unless necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (Supp.); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam); *In re Meyer*, 482 S.W.3d 706, 709 (Tex. App.—Texarkana 2016, orig. proceeding).

## III. Conclusion

Because Burnham has not complied with the rules governing the application for extraordinary relief and because this Court has no jurisdiction to issue a writ of mandamus against a district clerk under these circumstances, we deny his petition.[2]


Scott E. Stevens
Chief Justice


Date Submitted: July 3, 2025
Date Decided: July 7, 2025

Do Not Publish

---

[2]In his request for relief, Burnham also asks this Court to "compel" "statutory compliance" by the Panola County Sheriff's Office. Once again, we direct Burnham to Section 22.221(a) of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Supp.). This Court lacks mandamus jurisdiction over a sheriff unless necessary to enforce said jurisdiction. *Id.*