## IN RE BAYVIEW LOAN SERVICING, LLC

### No. 06-17-00040-CV

Court of Appeals of Texas, Texarkana.

Date Submitted: March 30, 2017

Date Decided: March 31, 2017

Christopher S. Ferguson, Jack.O'Byle & Associates, P.O. Box 815369, Dallas, TX 75831, for Appellant.

Carol Paselk, Pro Se, UCC 1–308, P.O. Box 1284, Emory, TX 75440, for Appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

■ This is an original proceeding brought by Bayview Loan Servicing, LLC, relator, seeking issuance of a writ of mandamus requiring the respondent, whom Bayview identifies as the "County Court at Law Number 1, Hopkins, County," to sign an order requiring the County Clerk of Hopkins County to issue a writ of possession. Bayview states that a judgment in its forcible detainer action was signed on January 5, 2017, that the real party in interest, Carol Paselk, has appealed that judgment but has not filed a supersedeas bond, and that the County Clerk of Hopkins County refuses to issue a writ of possession to Bayview. Bayview complains that although it filed a motion with the respondent requesting it to issue an order requiring the county clerk to issue the writ of possession, the respondent has failed to act on the motion. Because we do not have jurisdiction to issue a writ of mandamus against the respondent in this case, we dismiss Bayview's request for mandamus relief for want of jurisdiction.[1]

■ As an intermediate appellate court, we only have original and appellate jurisdiction to the extent provided by law. TEX. CONST. art. V, § 6; *In re Meyer*, 482 S.W.3d 706, 709 (Tex. App.—Texarkana 2016, orig. proceeding). By statute, our mandamus jurisdiction is limited, such that we may issue a writ of mandamus to enforce our own jurisdiction, and against a "judge of a district or county court in [our] district." TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). In *Meyer*, we traced the history of Section 22.221, explaining that when the Legislature recodified former Articles 1823 and 1824 of the Revised Civil Statutes into Chapter 22 of the .Government Code, it added Section 22.008 (now

---

1. In its certificate of service, Bayview recites that it made service on "Judge Robert Newsom[e], Judge Presiding, Hopkins County Court at Law." We take judicial notice that the Honorable Robert Newsome is Judge of the County Court of Hopkins County (a constitutional court), not the County Court at Law Number 1. Because we have jurisdiction to issue a writ of mandamus to a judge of a constitutional county court, we have carefully reviewed the petitioner's application to determine whether the petition actually seeks the writ against the County Court of Hopkins County rather than the County Court at Law Number 1 of Hopkins County.

    Petitioner attached orders signed by Judge Newsome in the appendix to its application. Nevertheless, the application is styled as a request against the judge of the County Court at Law Number 1, and it specifically identifies the respondent as "COUNTY COURT AT LAW NUMBER 1, HOPKINS COUNTY (hereinafter referred to as County Court)." Judge Newsome is not the Judge of the "County Court at Law Number 1, Hopkins County." Because mandamus is extraordinary relief, we cannot issue a writ against a different party not named in the petition. *See Halbert v. Terrell*, 102 Tex. 29, 112 S.W. 1036 (1908) (appellate court cannot consider the rights of other parties not made a party to the suit). Moreover, in a mandamus proceeding, we operate on a limited record, and the petitioner does not seek relief related to the orders that are attached to the petition, but instead seeks a writ of mandamus to compel the designated judge to issue an additional order. Accordingly, we must take the petitioner's application on its face as requesting a writ of mandamus against the judge of the "County Court at Law Number 1, Hopkins County" who is not Judge Newsome.

Section 22.009) creating separate definitions of "county court" and "statutory county court." *See Meyer*, 482 S.W.3d at 710–13 (quoting Tex. Gov't Code Ann. § 21.009(1) (West Supp. 2015)). As we explained, the Government Code defines "county court" as "the court created in each county by Article V, Section 15 of the Texas Constitution." *Id.* (quoting Tex. Gov't Code Ann. § 21.009(2) (West Supp. 2015)). Because Section 22.221(b) merely grants courts of appeals jurisdiction to issue writs of mandamus against "a judge of a district or county court," and not a judge of a statutory county court, then we do not have jurisdiction to issue a writ of mandamus against a judge of a statutory county court, unless necessary to enforce our jurisdiction. *Id.* at 711, 714 (quoting Tex. Gov't Code Ann. § 22.221(b)).

The conclusion we reached in *Meyer* is even more compelling in civil cases.[2] Section 22.002(a), which sets forth the Supreme Court's mandamus jurisdiction, specifically grants the Supreme Court jurisdiction, *inter alia*, to issue writs of mandamus "against a statutory county court judge," but not a judge of a "county court." Tex. Gov't Code Ann. § 22.002(a) (West Supp. 2016). A "statutory county court" is defined as "a county court created by the legislature under Article V, Section 1, of the Texas Constitution," which includes county courts at law. Tex. Gov't Code Ann. § 21.009(2) (West Supp. 2016).

Thus, the use of the term "statutory county court" but not "county court" in Section 22.002(a), combined with the use of the term "county court" but not "statutory county court" in Section 22.221(b), suggests that the absence of the term "statutory county court" in Section 22.221(b) was not an oversight, but part of a specific allocation of mandamus duties between the Supreme Court and the courts of appeals. While the Supreme Court has mandamus jurisdiction over judges of county courts at law, we have only been granted jurisdiction to issue writs of mandamus against judges of constitutional county courts and of district courts, except when enforcing our jurisdiction.[3] *See Meyer*, 482 S.W.3d at 714.

For the reasons stated in *Meyer*, we hold that we lack jurisdiction to issue a writ of mandamus against the judge of the County Court at Law of Hopkins County. *See id.* at 709, 712–14. Therefore, we dismiss Bayview's petition for writ of mandamus.

---

2. *Meyer* involved an application for a writ of mandamus against a statutory county court judge in a criminal case. *Meyer*, 482 S.W.3d at 707–08. The Court of Criminal Appeals is currently considering this issue in *In re Powell*, No. WR-85,177-01, 2016 WL 3563494 (Tex. Crim. App. Jun. 22, 2016) (order) (orig. proceeding) (per curiam).

3. In several of our prior opinions, we addressed the merits of petitions of writ of mandamus that sought writs of mandamus against judges of county courts at law. *See In re*

*Sewell*, 472 S.W.3d 449 (Tex. App.—Texarkana 2015, orig. proceeding); *In re Ingram*, 433 S.W.3d 769 (Tex. App.—Texarkana 2014, orig. proceeding); *In re Estate of Velvin*, 398 S.W.3d 426 (Tex. App.—Texarkana 2013, orig. proceeding). However, in none of those cases was our mandamus jurisdiction questioned by the parties or this Court. For the reasons stated in *Meyer*, and to the extent they conflict with *Meyer* and this opinion, we disapprove of our prior decisions in *Sewell*, *Ingram*, and *Estate of Velvin*.