

## NUMBER 13-20-00059-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN RE BOBBIE DAVID HAVERKAMP

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

Relator Bobbie David Haverkamp, an inmate who is proceeding pro se, filed a document entitled "Plaintiff's Original Complaint" in the above cause on January 27, 2020. Relator states that he is seeking injunctive relief against the University of Texas Correctional Health Care Committee and other individuals for failing to provide him with gender dysphoria treatment. This Court's jurisdiction is appellate and original. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221. Because relator's pro se pleading

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

does not reference an order or judgment subject to appeal and relator asks us to command an action, we construe this document as an original proceeding. *See generally* TEX. R. APP. P. 25.1(a), (d); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)).[2] We dismiss this original proceeding for lack of jurisdiction.

## I. STANDARD OF REVIEW

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests

---

[2] Generally, appeals may be taken only from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). In this case, relator does not complain about a final judgment or otherwise appealable order.

involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.—Texarkana 2017, orig. proceeding). This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In

3

pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a). This section also provides that we may issue writs of mandamus against: (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in the court of appeals district for the judge who appointed the associate judge. *Id.* § 22.221(b).

### III. ANALYSIS

Relator's petition for writ of mandamus seeks relief against the University of Texas Correctional Health Care Committee and other named individuals who have duties or responsibilities regarding the standard of care and treatment plans for inmates with gender dysphoria. Relator does not allege or otherwise demonstrate that a writ of mandamus is necessary to enforce our appellate jurisdiction and we do not have otherwise have mandamus jurisdiction against the named parties to this original proceeding. *See generally id.* § 22.221(a),(b); *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over the relief sought. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

GINA M. BENAVIDES,
Justice

Delivered and filed the
29th day of January, 2020.