

**NUMBER 13-20-00124-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE PETER ANTHONY TRAYLOR**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa[1]**

On March 2, 2020, relator Peter Anthony Traylor, proceeding pro se, filed a petition for writ of mandamus and a motion for temporary relief.[2] Through this original proceeding and motion for temporary relief, relator seeks: (1) his "immediate release on personal recognizance pending his habeas review," (2) an order "that respondent immediately rule

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator also filed a motion for leave to file the petition for writ of mandamus. We dismiss relator's motion for leave as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

on the motion to recuse," and (3) alternatively, if the respondent refuses to recuse himself, that "[the respondent] be committed to jail and remain there until he is willing to obey the writ of habeas corpus per Code of Criminal Procedure Article 11.34." *See* TEX. CODE CRIM. PROC. ANN. art. 11.34 (providing, inter alia, that persons charged with the "illegal custody" of another who refuse to obey a writ "shall be committed to jail and remain there until he is willing to obey the writ of habeas corpus"). Relator's complaints arise from trial court cause number 366-82774-2010 in the 366th District Court of Collin County, Texas. In that same cause number, relator was convicted of first-degree burglary. *See Traylor v. State*, 567 S.W.3d 741, 742 (Tex. Crim. App. 2018).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring).

2

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.—Texarkana 2017, orig. proceeding). This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against district and county judges within our district and "all other writs necessary to enforce the jurisdiction of the court." *See* TEX. GOV'T CODE ANN. § 22.221(a),(b).

Here, the respondent is not a district or county judge located within our district. *See id.* § 22.221(b); *see also id.* § 22.201(n) ("The Thirteenth Court of Appeals District is composed of the counties of Aransas, Bee, Calhoun, Cameron, DeWitt, Goliad, Gonzales, Hidalgo, Jackson, Kenedy, Kleberg, Lavaca, Live Oak, Matagorda, Nueces, Refugio, San Patricio, Victoria, Wharton, and Willacy."). And relator has neither pleaded nor shown that mandamus is necessary to enforce this Court's own jurisdiction. *See id.* 22.221(a). And finally, as an intermediate appellate court we have no jurisdiction to grant the relief requested by relator with respect to a pending Article 11.07 writ. *See Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (delineating the limited jurisdiction possessed by intermediate appellate courts with regard to article 11.07 applications for writs of habeas corpus); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07. If an applicant finds it necessary to complain about the processing of an article 11.07 application for writ of habeas corpus, the applicant may

3

seek mandamus relief directly from the Texas Court of Criminal Appeals. *See, e.g.*, *Benson v. Dist. Clerk*, 331 S.W.3d 431, 432–33 (Tex. Crim. App. 2011) (per curiam); *Gibson v. Dallas Cty. Dist. Clerk*, 275 S.W.3d 491, 491–92 (Tex. Crim. App. 2009) (per curiam); *see also In re Watson*, 253 S.W.3d 319, 320 (Tex. App.–Amarillo 2008, orig. proceeding).

Accordingly, we dismiss the petition for writ of mandamus and the motion for temporary relief for want of jurisdiction. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of March, 2020.

4