

NUMBER 13-21-00003-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE PHILLIP RODRIGUEZ

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, pro se relator Phillip Rodriguez seeks to compel the trial court to rule on and grant his no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i) ("After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial."). Relator also filed a motion for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

leave to file this original proceeding. As discussed herein, we dismiss the petition for writ of mandamus for lack of jurisdiction.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.—Texarkana 2017, orig. proceeding). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a). This section also provides that we may issue writs of mandamus against: (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry

2

under Chapter 52 of the Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in the court of appeals district for the judge who appointed the associate judge. *See id.* § 22.221(b).

Relator's petition for writ of mandamus seeks relief against the judge of the 285th District Court of Bexar County, Texas. However, the judge does not preside in our court of appeals district. *See id.* § 22.221(b); *see also id*. § 22.201(n) ("The Thirteenth Court of Appeals District is composed of the counties of Aransas, Bee, Calhoun, Cameron, DeWitt, Goliad, Gonzales, Hidalgo, Jackson, Kenedy, Kleberg, Lavaca, Live Oak, Matagorda, Nueces, Refugio, San Patricio, Victoria, Wharton, and Willacy."). And relator has neither pleaded nor shown that mandamus is necessary to enforce this Court's own jurisdiction. *See id.* § 22.221(a). *See generally id*. § 22.221(a),(b); *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this petition for writ of mandamus. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction. We dismiss as moot relator's motion for leave to file the petition for writ of mandamus because leave is not required to file an original proceeding in an intermediate appellate court. *See* TEX. R. APP. P. 52 & cmt.; *see also In re Gaona*, No. 13-20-00524-CR, 2020 WL 7214294, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 7, 2020, orig. proceeding) (mem. op.); *In re Ramos*, No. 04-20-00466-CR, 2020 WL 6151001, at *1

(Tex. App.—San Antonio Oct. 21, 2020, orig. proceeding) (per curiam mem. op., not designated for publication).

GINA M. BENAVIDES
Justice

Delivered and filed on the
8th day of January, 2021.