

# NUMBER 13-21-00084-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RONALD KENWORTHY

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Silva[1]**

On March 22, 2021, relator Ronald Kenworthy, proceeding pro se, filed a petition for writ of mandamus seeking to compel Anne Lorentzen, the District Clerk of Nueces County, Texas, to respond to relator regarding her handling of his filings, including a motion for nunc pro tunc judgment that relator allegedly filed on January 27, 2021.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J., concurring).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.—Texarkana 2017, orig. proceeding). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against district and county judges within our district and "all other writs necessary to enforce the jurisdiction of the court." *See* TEX. GOV'T CODE ANN. § 22.221(a), (b).

Here, the respondent is a district clerk and is not a district or county judge located within our district. *See id.* § 22.221(b); *see also id.* § 22.201(n) ("The Thirteenth Court of Appeals District is composed of the counties of Aransas, Bee, Calhoun, Cameron, DeWitt, Goliad, Gonzales, Hidalgo, Jackson, Kenedy, Kleberg, Lavaca, Live Oak, Matagorda, Nueces, Refugio, San Patricio, Victoria, Wharton, and Willacy."). And the relator has neither pleaded nor shown that mandamus is necessary to enforce this Court's jurisdiction. *See id.* § 22.221(a). In short, we lack power to review the actions of a district clerk by mandamus "absent a showing that the district clerk's actions have interfered with our jurisdiction." *In re State*, 599 S.W.3d 577, 593 (Tex. App.—El Paso 2020, orig. proceeding); *see In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding) (stating that "this Court lacks jurisdiction over district clerks, unless necessary to enforce our jurisdiction"); *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.— Houston [14th Dist.] 2011, orig. proceeding) (stating that the court lacked mandamus jurisdiction against the district clerk).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met his burden to demonstrate that we have jurisdiction to grant his requested relief. Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

CLARISSA SILVA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed on the
23rd day of March, 2021.