

# NUMBER 13-21-00108-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ANTHONY WELCH

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Justice Longoria[1]

By pro se petition for writ of mandamus, relator Anthony Welch seeks to set aside a writ of possession. He further requests temporary relief in the form of a stay pending appeal. Relator currently has two appeals pending in this Court: (1) *Eno Williams and Anthony Welch v. JP Morgan Chase Bank, N.A.,* in cause number 13-20-00333-CV,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

which was transferred to this Court from the Fourteenth Court of Appeals,[2] and (2) *Eno Williams and Anthony Welch v. JP Morgan Chase Bank, N.A.,* in cause number 13-20-00384-CV, which we severed from cause number 13-20-00333-CV. In cause number 13-20-00333-CV, relator appealed the July 9, 2020 "Order Vacating Order of Dismissal Dated June 10, 2020, and Order Adopting Associate Judge's June 9, 2020 Rulings" and the June 9, 2020 "Summary Judgment."

In the proceedings below, on January 22, 2020, JPMorgan Chase Bank, N.A. received a final judgment in a forcible detainer case against relator and all other occupants of 2003 Darby Lane, Fresno, Texas 77545, in Precinct 2, Place 1 of the Justice of the Peace Court of Fort Bend County, Texas. This judgment required the occupants to vacate the premises on or before January 28, 2020 and appears to set an appeal bond in the amount of $6,000.00. Welch thereafter appealed this judgment. On June 9, 2020, the County Court at Law No. 5 of Fort Bend County, Texas issued a final summary judgment in favor of JP Morgan Chase Bank, N.A. On June 14, 2020, Welch appealed this judgment to the court of appeals, and this appeal was ultimately docketed in our cause number 13-20-00333-CV. On March 26, 2021, the County Clerk of Fort Bend County issued a writ of possession for the property to JP Morgan Chase Bank, N.A. On March 31, 2021, the trial court denied Welch's post-judgment emergency motion requesting it to set a supersedeas bond. The trial court's order states that it is "hereby denied as [Welch and the other occupants] failed to file a supersedeas bond within ten

---

[2] This case is before the Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

(10) days of the date of the judgment in this cause." On April 14, 2021, the trial court denied Welch's motion to vacate the writ of possession.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.—Texarkana 2017, orig. proceeding). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a). This section also provides that we may issue writs of mandamus against various types of judges in our court of appeals district. *See id.* § 22.221(b).

Relator's petition for writ of mandamus seeks relief against the judge of the County Court at Law No. 5 of Fort Bend County, Texas. However, the judge does not preside in our court of appeals district. *Id.*; *see also id.* § 22.201(n) ("The Thirteenth Court of Appeals District is composed of the counties of Aransas, Bee, Calhoun, Cameron, DeWitt, Goliad,

3

Gonzales, Hidalgo, Jackson, Kenedy, Kleberg, Lavaca, Live Oak, Matagorda, Nueces, Refugio, San Patricio, Victoria, Wharton, and Willacy."). However, relator's petition for writ of mandamus concerns an appeal currently pending in this Court. Specifically, relator alleges that the trial court erred in refusing to allow him to supersede a judgment that he is attempting to appeal. Given that these allegations could impact our appellate jurisdiction and the viability of the appeal, we conclude that we have jurisdiction to review the petition for writ of mandamus. *See generally id*. § 22.221(a); *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought. Under the Texas Property Code, a "judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007; *see* TEX. R. CIV. P. 510.13 ("The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code."). The record and briefing provided by relator fails to show that he filed a supersedeas bond within ten days of the judgment, and thus, we may not stay the order of eviction. *See* TEX.

4

PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *In re Invum Three, LLC*, 530 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *see also In re Cholick*, No. 13-18-00076-CV, 2018 WL 740307, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 6, 2018, orig. proceeding) (mem. op.). Accordingly, we deny the petition for writ of mandamus and relator's request for temporary relief. *See* TEX. R. APP. P. 52.8(a). We note that relator's appeals remain pending in this Court at this time.

NORA L. LONGORIA
Justice

Delivered and filed on the
23rd day of April, 2021.