

## NUMBER 13-21-00226-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE JASON OMAR MORENO

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Chief Justice Contreras[1]**

Jason Omar Moreno, proceeding pro se, filed a pleading in the above-referenced cause in which he requests that we direct the trial court and district clerk to provide him with the name of the court reporter who transcribed hearings held on August 20, 1996, and September 9, 1996, in trial court cause number CR-2486-94-A in the 92nd District Court of Hidalgo County, Texas. Because Moreno's pleading does not reference an order or judgment subject to appeal and he is, in essence, asking us to command public officers

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

to perform an act, we construe his pleading as a petition for writ of mandamus. *See generally* T EX. R. A PP. P. 25.1(a), (d); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)); *see also In re Guthrie*, No. 13-20-00134-CR, 2020 WL 1181261, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2020, orig. proceeding) (mem. op., not designated for publication). We note that Moreno has previously filed a direct appeal and a separate original proceeding from the underlying cause. *See Moreno v. State*, 987 S.W.2d 195, 198 (Tex. App.–Corpus Christi–Edinburg 1999, pet. ref'd) (affirming relator's conviction for aggravated kidnapping, aggravated sexual assault, and aggravated robbery); *In re Moreno*, No. 13-16-00262-CR, 2016 WL 2967990, at *1 (Tex. App.—Corpus Christi–Edinburg May 13, 2016, orig. proceeding) (mem. op.) (denying relator's petition for writ of mandamus seeking to compel the trial court to conduct a hearing on relator's motion for post-conviction DNA testing and motion for appointment of counsel).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim.

2

App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.—Texarkana 2017, orig. proceeding). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against district and county judges within our district and "all other writs necessary to enforce the jurisdiction of the court." *See* TEX. GOV'T CODE ANN. § 22.221(a), (b). Thus, we lack power to review the actions of a district clerk by mandamus "absent a showing that the district clerk's actions have interfered with our jurisdiction." *In re State*, 599 S.W.3d 577, 593 (Tex. App.—El Paso 2020, orig. proceeding); *see In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding) (stating that "this Court lacks jurisdiction over district clerks, unless necessary to enforce our jurisdiction"); *In re Potts*, 357 S.W.3d 766,

3

768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that the court lacked mandamus jurisdiction against the district clerk). Here, the relator has neither pleaded nor shown that mandamus is necessary to enforce this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief as against the trial judge and that we lack jurisdiction over relator's claims against the district clerk. Accordingly, we deny the petition for writ of mandamus in part and dismiss it in part for want of jurisdiction. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of July, 2021.

4