

# NUMBER 13-21-00276-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GERALD MORA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Chief Justice Contreras[1]

On August 27, 2021, pro se relator Gerald Mora filed a petition for writ of mandamus in the above cause. According to the petition for writ of mandamus, Mora filed a civil lawsuit against Christopher Dorsey for breach of contract, breach of fiduciary duty, and fraud. Through this original proceeding, Mora seeks to compel Dorsey to respond to Mora's discovery requests and to compel the trial court "to honor [Mora's] motions."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3 (establishing the required form and contents for original proceedings).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.—Texarkana 2017, orig. proceeding). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against certain judges within our district and "mandamus and all other writs necessary to enforce the jurisdiction

2

of the court." TEX. GOV'T CODE ANN. § 22.221(a); *see id*. § 22.221(b).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Mora has not met his burden to obtain relief. Mora's petition for writ of mandamus fails to meet the requirements of Texas Rule of Appellate Procedure 52 and he has not provided an appendix or record in support of his request for relief. *See generally* TEX. R. APP. P. 52.3; *id.* R. 52.7. First, Mora has not established that mandamus relief against Dorsey is necessary to enforce this Court's jurisdiction, and we otherwise lack mandamus jurisdiction over Dorsey. *See* TEX. GOV'T CODE ANN. § 22.221(a),(b). Second, Mora has not established either that the trial court abused its discretion or that Mora lacks an adequate remedy by appeal to address the alleged error. *See In re USAA Gen. Indem. Co*., 624 S.W.3d at 787; *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36. Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction, in part, as to Mora's request for relief against Dorsey, and we deny the petition for writ of mandamus, in part, as to Mora's request for relief against the trial court.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
30th day of August, 2021.

3