

# NUMBER 13-22-00235-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE CORNEL MARTON, INDIVIDUALLY AND ON BEHALF OF MINOR CHILD, Z.M.

---

### On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva[1]**

On March 25, 2022, Cornel Marton, individually and on behalf of minor child, Z.M., filed a pro se notice of appeal in our cause number 13-22-00155-CV regarding an order dismissing Marton's claims against Stephen Dubner. *See* TEX. R. CIV. P. 91a. In that appeal, by separate memorandum opinion issued on this same date, we determined that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Marton was attempting to appeal an unappealable, interlocutory order, and we dismissed the appeal for want of jurisdiction. *See Marton v. Dubner*, No. 13-22-00155-CV, 2022 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg May 26, 2022, no pet. h.) (mem. op.). However, in that appeal, Marton filed a pleading that stated that he was "asking this [C]ourt not only to consider [his] appeal but also make the simple decision to send this matter back to the trial court with the instructions to rehear [his] motion to dismiss [the] case against . . . Dubner with a Romanian translator present." Because Marton asks us to command a public officer to perform an act, we liberally construe his pleading as a petition for writ of mandamus and resolve it in this separate cause number. *See generally* TEX. R. APP. P. 25.1 (governing the perfection of appeal); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)); *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (directing courts to examine the substance of a pleading rather than its form or caption to determine its nature).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re*

2

*Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see In re Bayview Loan Servicing, LLC*, 532 S.W.3d 510, 511 (Tex. App.— Texarkana 2017, orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." *See* TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to grant Marton relief by petition for writ of mandamus. First, Marton seeks relief against the judge of the 414th District Court of McLennan County, Texas. However, McLennan County is not located within the geographic district for the Thirteenth Court of Appeals, but, instead, is located within the geographic district for the Tenth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(k) (delineating the counties comprising the Tenth Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 414th District Court. *See id.*

3

§ 22.221(b). Second, Marton has not shown how the requested relief is necessary to enforce our appellate jurisdiction in his appeal. *See id.* § 22.221(a). Third, and finally, Marton's appeal in cause number 13-22-00155-CV was transferred to this Court from the Tenth Court of Appeals by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. The transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *In re Davis*, 87 S.W.3d 794, 795 (Tex. App.—Texarkana 2002, orig. proceeding); Misc. Docket No. 22-9025 (Tex. Mar. 29, 2022) ("It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings . . . ."). Accordingly, we dismiss Marton's petition for writ of mandamus for want of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
26th day of May, 2022.